UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD B. WILLIAMS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:11-cv-182-OWW-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>PLAINTIFF'S AMENDED COMPLAINT DUE APRIL 20, 2011 |

**SCREENING ORDER**

Plaintiff Donald B. Willams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court for screening is Plaintiff's February 2, 2011 Complaint.  (ECF No. 1.)

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Though Plaintiff has filed five complaints in this action, none of those have been substantively screened by the Court.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.   SUMMARY OF COMPLAINT

Plaintiff is a prisoner currently housed at California State Prison at Corcoran. (ECF No. 1.) Plaintiff seeks to sue the following defendants for denial of adequate medical care: (1) The State of California; (2) The Department of Corrections; (3) K. Allison, Warden; and (4) Chief Medical Officer. Plaintiff alleges that all defendants are sued "in their 'Official' capacities and acting under the 'color of law.'" (Id. at 1.) Plaintiff seeks "an injunction preventing them from denying necessary medical treatment to the plaintiff," as well as $1 in damages and $1 punitive damages. (Id. at 2.)

Plaintiff has been a type II insulin-dependent diabetic since 2001. He suffers from both hypo- and hyper-glycemia, i.e. low and high blood sugar levels. On September 27, 2010, without having conducted any medical tests, LVN Nurse May instructed the custody officers in Plaintiff's dorm to confiscate all of Plaintiff's diabetes medication. May acted on orders from PA Myers, who acted on orders from the Chief Medical Officer.[1] Plaintiff has received no medical treatment for his diabetes since September 27, 2010.

III.  **ANALYSIS**

   A.  **Claims Against the State and Department of Corrections**

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Ninth Circuit Court of Appeals has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations and quotation marks omitted). As a result, Plaintiff's claim against the State of California is barred by the State's immunity from suit.

The Eleventh Amendment also bars suits against state agencies. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding

---

[1] Neither May nor Myers are listed as Defendants in Plaintiff's Complaint.

that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the California Department of Corrections is a state agency, it is also entitled to Eleventh Amendment immunity from suit.

Because both the State of California and the Department of Corrections are immune from suit, Plaintiff cannot recover from these parties. If Plaintiff chooses to file an amended complaint, he should omit the State of California and the Department of Corrections as defendants.

**B.     Claims Against Warden Allison**

To state a claim for a constitutional violation under section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. Therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In his Complaint, Plaintiff fails to attribute any wrongful action to Warden Allison. The law does not allow Plaintiff to hold Allison liable based solely on his position as Warden of CSP-Corcoran. In his amended complaint, Plaintiff must allege how Allison personally violated his constitutional rights. If Plaintiff cannot allege any violation of his

constitutional rights based on Allison's personal actions, he should omit Allison as a defendant.

### C. Claims Against the Chief Medical Officer

Plaintiff claims that the Chief Medical Officer ("CMO") instructed the medical staff not to treat Plaintiff's diabetes. He seeks an injunction that would prevent the CMO from denying him "necessary medical treatment", as well as compensatory and punitive damages.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id.

at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

The Court finds that Plaintiff's factual allegations satisfy the deliberate indifference standard by asserting that the CMO instructed his staff to deny Plaintiff treatment for his serious medical condition. Thus, Plaintiff has stated a cognizable Eighth Amendment claim. However, Plaintiff has failed to provide a name for the Chief Medical Officer.[2] The Court cannot order service on the Chief Medical Officer until he is identified. See Robinett v. Correctional Training Facility, 2010 WL 2867696 (N.D. Cal. July 20, 2010) (court cannot order service on "John Doe" defendants).

Additionally, as pled, Plaintiff cannot recover all of the relief he seeks in his Complaint. Plaintiff explicitly states that all Defendants in this action, including the CMO, are named in their official capacities. (Compl. p. 1.) The Supreme Court has held that a suit against a state-employed individual in his official capacity is "no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because the CMO is employed by the State of California, to the extent that Plaintiff seeks monetary damages from the CMO in his official capacity, such claim is barred by the Eleventh Amendment. See Blaylock v. Schwinden, 862 F.2d 1352, 1353-54 (9th Cir. 1988). Thus, Plaintiff cannot recover monetary damages as long as the Defendants are named in their official capacities. If Plaintiff amends his complaint, he should either name

---

[2] Plaintiff also fails to name LVN May and PA Myers as Defendants. It appears that he could state an Eighth Amendment violation against both of these individuals. In his amended complaint, Plaintiff may include these parties if he so wishes.

the Defendants, including the CMO, in their individual capacities or omit any claim for monetary damages.

Plaintiff's Complaint also seeks injunctive relief.  Suits against state officials in their official capacities for declarative or prospective injunctive relief are not barred by the Eleventh Amendment.  Ex parte Young, 209 U.S. 123 (1908).  This exception applies even if the injunctive relief would cost the state money, as long as the money is for prospective relief.  Id.; see also Edelman v. Jordan, 415 U.S. 651, 660-69 (1974) (dismissing how prospective injunctive relief can drain state coffers).  Thus, Plaintiff has stated a cognizable claim against the CMO for prospective injunctive relief.  However, as noted above, the Court cannot order service until he names the CMO.

## IV.    CONCLUSION AND ORDER

The Court finds that, as pled, Plaintiff's Complaint fails to state a claim upon which relief could be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff should read this Screening Order carefully before preparing his amended complaint.

In his Amended Complaint, Plaintiff must demonstrate that the alleged incident resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new claims. Plaintiff should focus his Amended Complaint on the denial of medical treatment for his diabetes and those individuals who were directly involved with the denial of such care.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.[3]

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint by April 20, 2011;

2. Plaintiff shall caption the document "Amended Complaint" and refer to the case number 1:11-cv-182-OWW-MJS (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for

////
////
////

---

[3] The Court notes that, contemporaneous with his original Complaint, Plaintiff filed a document entitled "Petition for an Order: for an: Emergency Injunction for Medical Care" that included facts not pled in his Complaint. The Court has not considered these additional allegations in preparing the instant Screening Order. Similarly, in screening Plaintiff's amended complaint, the Court will consider only the allegations in the amended complaint and will not refer to any other document to determine whether he has stated a cognizable claim. Plaintiff should include all relevant facts in his amended complaint.

1  failure to prosecute and failure to state a claim upon which relief may be granted.

2  IT IS SO ORDERED.

4  Dated:   March 16, 2011              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE