UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD B. WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:11-cv-0182-OWW-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DENIAL OF PLAINTIFF'S MOTION FOR AN EMERGENCY INJUNCTION<br><br>(ECF No. 2) |

**I.** **PROCEDURAL HISTORY**

Plaintiff Donald B. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this action on February 2, 2011. (Compl., ECF No. 1.) On March 17, 2011, the Court issued an Order Dismissing Plaintiff's Complaint with Leave to Amend, and Plaintiff was ordered to file an amended complaint. (Order, ECF No. 9.) Plaintiff filed his First Amended Complaint on April 20, 2011. (Am. Compl., ECF No. 15.) The Court has not yet screened the First Amended Complaint pursuant to 28 U.S.C. § 1915(A)(a), and no other parties have appeared in this action.

Pending before the Court is Plaintiff's Motion for an Emergency Injunction filed on February 2, 2011. (Mot., ECF No. 2.) It appears that Plaintiff is requesting a preliminary injunction or temporary restraining order. Plaintiff requests an "Emergency Injunction Order" directing that he be given his medications, including the medicines he needs for treatment of his diabetes. (Id.) Plaintiff also filed a Motion for a Preliminary Injunction on April 20, 2011, requesting similar relief. (Mot., ECF No. 13.) The Court will deal with this Motion in a separate order.

## II.    **ARGUMENT**

In the Motion, Plaintiff complains:

He is currently housed at the California State Prison in Corcoran, California ("SATF") and he is not receiving any medical care for his diabetes. Plaintiff has been a Type 2 insulin-dependent diabetic since 2001. He suffers from both hypo- and hyper-glycemia, i.e. low and high blood sugar levels. From approximately January 2010 to May 2010, Plaintiff was housed at two different correctional institutions where he was treated with insulin and provided with diabetic snacks.

On or about July 26, 2010, Plaintiff was transferred to SATF, where he is presently housed. Plaintiff was initially treated at SATF with insulin and diabetic snacks. On or about September 27, 2010, Plaintiff was determined, without any medical testing, to no longer be diabetic. Nurse LeMay instructed the custody officers in Plaintiff's dorm to confiscate all of Plaintiff's diabetes-related medications. Nurse LeMay acted on orders from Physician's Assistant Byers, who in turn acted on orders from the Chief Medical

Officer.[1] All testing for diabetes was terminated in November 2010.

Thus, Plaintiff has not received any medical treatment for his diabetes since September 27, 2010. His previously prescribed medicines have been confiscated. Plaintiff is concerned about his health and alleges that he needs his diabetic medicines to "sustain [l]ife" and to avoid reaching a "critical stage". He requests an "Emergency Injunction Order" directing that he be provided with his necessary medicines.

### III. LEGAL STANDARDS

The Court interprets Plaintiff's Petition as a request for a preliminary injunction and/or, more appropriately given the status of this case, a request for a temporary restraining order. Regardless, the standards, and the Court's analysis and conclusion, below, are effectively the same for each.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22, 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn,

---

[1] Nurse LeMay and Physicians Assistant Byers were not named as defendants in Plaintiff's original Complaint, and the Chief Medical Officer was not identified in the original Complaint. (Compl., ECF No. 1). Plaintiff has since named Nurse LeMay and Physicians Assistant Byers as defendants and identified the Chief Medical Officer. (Am. Compl., ECF No. 15.)

extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## IV.    ANALYSIS

The Court find that, at this stage of the proceedings, Plaintiff fails to satisfy the legal prerequisites for injunctive relief.  As noted, to succeed on such a motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 374).

Plaintiff's has alleged irreparable harm if relief is denied, but the facts suggest otherwise, and he has not, in any event, presented any basis for finding that the other three prerequisites for injunctive relief are present.

Plaintiff has not demonstrated that he will succeed on the merits of his case.  His primary allegation appears to rest on an Eighth Amendment claim that he has been denied adequate medical treatment.  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff has not addressed this issue in his moving papers.  Plaintiff's First Amended Complaint has not yet been screened to evaluate whether it states a cognizable claim.  Thus at this point, the Court has no basis upon which to find a likelihood that Plaintiff will succeed on the merits.

Plaintiff does make the conclusory assertion that his health and his life will be at risk

if the injunction is not granted, but provides no information to support the bare claim; nothing provided to the Court suggests he will suffer injury without his medications or that the threat of injury is real and immediate, not conjectural and hypothetical. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 101-102, 103 S.Ct. 1660 (1983). The fact that he has not identified any specific adverse consequences of having gone without his medication since September 2010 tends to belie his claim.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in seeing everyone, including Plaintiff, receive the best practical medical care, the Court can not make a determination on the facts before it as to the best medical course for Plaintiff. At least one medical practitioner has determined that Plaintiff does not need the treatment he seeks. The record before the Court does not justify the Court substituting its judgment for that of the medical practitioner.

The various criteria not having been met, Plaintiff is not entitled to a preliminary injunctive relief.

## V.    **CONCLUSION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Petition for an Emergency Injunction for Medical Care be DENIED without prejudice to Plaintiff's right to move again in the future if medical evidence which supports his claims is secured and produced with any such renewed motion.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Y1 st</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 26, 2011                       /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE