# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD B. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.<br><br>　　　　Defendants.<br>_____ / | CASE  NO.  1:11-cv-0182-OWW-MJS  (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DISMISSAL OF CERTAIN OF PLAINTIFF'S CLAIMS<br><br>(ECF Nos. 18 and 19)<br><br>THIRTY DAY DEADLINE |

Plaintiff Donald B. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on February 2, 2011. (ECF No. 1.) The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, dismissed it for failure to state a claim, and gave Plaintiff leave to file an amended complaint. Plaintiff filed an Amended Complaint on April 20, 2011. (ECF No. 15.) The Court found that Plaintiff stated a medical care claim against Defendants Enenmoh, Oneyeje, LeMay, Byers, and Faria, but failed to state any other claim upon which relief could be granted. (ECF No. 18.) The Court ordered Plaintiff to either file a second amended complaint, or notify the Court of his willingness to proceed on his cognizable claim. (Id.) Plaintiff notified the Court that he was willing to proceed on his only cognizable claim against Defendants Enenmoh, Oneyeje, LeMay, Byers, and Faria. (ECF No. 19.) Plaintiff's other claims and certain Defendants should now be dismissed.

I.  **ANALYSIS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A)(a). The Court must dismiss a complaint or portion thereon if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2).

The Court reviewed Plaintiff's First Amended Complaint pursuant to this statue, and issued a Screening Order on July 21, 2011. (ECF No. 18.) The Court found as follows:

### A. Claims Against the Department of Corrections

The Eleventh Amendment prohibits suits against state agencies. (ECF No. 9); See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because Defendant the California Department of Corrections is a state agency, it is entitled to Eleventh Amendment immunity from suit. Because this Defendant was immune from suit, Plaintiff could not recover from it.

### B. Claims Against Defendant Allison

To state a claim for a constitutional violation under Section 1983, Plaintiff needed to demonstrate that each Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own

1 misconduct. Therefore, Plaintiff needed to demonstrate that each Defendant, through his
2 or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

3 Plaintiff's First Amended Complaint attributed no wrong to Defendant Allison beyond
4 attributing deliberate indifference to the risks posed by Plaintiff's lack of medical treatment
5 and by approving the prison's policy on access to medical care. Defendant Allison could
6 not be held liable based solely on her position as warden of the California State Prison at
7 Corcoran.

### C. Claims Against Defendants Rodriguez, Beltran, Stohl, and Childress

Plaintiff alleged that non-medical personnel Defendants Rodriguez, Beltran, Stohl, Childress, and Lofkin (collectively, "Prison Personnel Defendants") violated Plaintiff's Eighth Amendment rights by helping medical personnel deprive Plaintiff of access to his diabetic medicines and snacks and thereby denied him access to proper medical care.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)). The two part test for deliberate indifference required Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

To show deliberate indifference, Plaintiff needed to show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also

draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff sufficiently pled a serious medical condition by alleging that failure to treat his diabetes could potentially result in a significant injury.  However, Plaintiff did not show that the Prison Personnel Defendants were deliberately indifferent to Plaintiff's medical needs, and therefore could not maintain his claims against them.

### D.   Claims Against Correction Management Corp. Inc.

Plaintiff alleged claims against Defendant Construction Management Corp. Inc. ("CMC"), apparently alleged to be the management company for the California State Prison at Corcoran.  Other circuits have held that state prisoners can bring Section 1983 claims against private operators of prisons and correctional officers employed by the operator. See Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003); Skelton v. Pri-Cor, Inc., 963 F.2d 100, 102 (6th Cir. 1991) (relying on Supreme Court precedents, courts found that a private company administering a state corrections facility could be sued under 42 U.S.C. § 1983).  However, a private corporation can only be held vicariously liable under Section 1983 for its employees' deprivations of others' civil rights if there is a showing that there was an official policy or custom that caused the constitutional violation. See e.g., George v. Sonoma Cnty. Sheriff's Dept., 732 F. Supp.2d 922 (N.D. Cal. 2010) (inmate's estate and survivors filed a Section 1983 action for inadequate medical care, and court found that a private corporation could not be held liable for plaintiffs' injuries because they could not show that the violations occurred as a result of a policy, decision, or custom promulgated or endorsed by the private entity).  Plaintiff made no showing that his injuries resulted from a policy, decision or custom promulgated by Defendant CMC, and therefore could not maintain his claims against Defendant CMC.

### E. Claims Against the Defendants Enenmoh, Oneyeje, LeMay, Byers, and Faria

Plaintiff claimed that Defendant Enenmoh, the Chief Medical Officer, instructed the medical staff not to treat Plaintiff's diabetes. He claimed Defendant Oneyeje was his physician of record and knew Plaintiff was a diabetic but refused to intervene and order additional testing after Defendant Enenmoh instructed the staff not to treat Plaintiff's diabetes. Plaintiff claimed that Defendant LeMay was a licensed vocational nurse, that he/she ordered Plaintiff's medicines to be removed and that he/she personally confiscated Plaintiff's medicines. Defendant Byers is a physician's assistant who allegedly examined Plaintiff on his arrival at California State Prison at Corcoran and confirmed he was a diabetic. Defendant Byers terminated Plaintiff's diabetic testing and declared Plaintiff to be diabetes free. Defendant Faria was the head nurse at California State Prison at Corcoran who ordered that Plaintiff was not to receive any additional diabetic testing and refused to allow Plaintiff to see an endocrinologist for his diabetes.

As stated above, "to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett, 439 F.3d at 1096 (quoting Estelle, 429 U.S. at 106). The two part test for deliberate indifference required Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin, 974 F.2d at 1059, overruled on other grounds, WMX Techs., Inc., 104 F.3d at 1136 (en banc) (internal quotations omitted)).

The Court found that Plaintiff's factual allegations, which were to be taken as true at that stage of the proceeding, satisfied the deliberate indifference standard by alleging that medical personnel Defendants Enenmoh, Oneyeje, LeMay, Byers, and Faria (collectively, "Medical Personnel Defendants"), knew that Plaintiff could be injured without medical treatment and, according to Plaintiff, affirmatively and personally undertook to

deny Plaintiff necessary treatment for his serious medical condition. Plaintiff stated an Eighth Amendment claim for inadequate medical care against the Medical Personnel Defendants.

### F. Claims Involving the October 12, 2010 Incident

Plaintiff also alleged that Defendants Enenmoh and Oneyeje deliberately denied him treatment for Plaintiff's ruptured discs in his back after a fall in the shower. Plaintiff specifically alleged that the October 12, 2010 MRI showed these ruptures, and that these Defendants concealed the MRI results and left Plaintiff in pain until another doctor noticed the results and treated Plaintiff for the pain. This was a totally new claim not asserted in or related in any way to any claim in the original Complaint.

Plaintiff could not bring such a new claim in this action. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

### F. Claims Against Defendant Betancourt

Plaintiff named a "Defendant Betancourt" in his First Amended Complaint, but included no allegations or claims relating to Defendant Betancourt.

## II. CONCLUSION

Plaintiff stated a cognizable claim against Defendants Enenmoh, Oneyeje, LeMay, Byers, and Faria for inadequate medical care as a result of their alleged failure to provide treatment for Plaintiff's diabetes, but failed to state any other cognizable claim. The Court gave him the option of either filing another amended complaint, or notifying the Court of his willingness to proceed on his cognizable claim. On August 18, 2011, Plaintiff notified the Court that he was willing to proceed only on his medical care claim against Defendants Enenmoh, Oneyeje, LeMay, Byers, and Faria. (ECF No. 19.)

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's claims against the California Department of Corrections be dismissed without prejudice;
2. Plaintiff's claims against Defendant Allison be dismissed without prejudice;
3. Plaintiff's claims against Defendants Rodriguez, Beltran, Stohl, Lofkin, and

1                 Childress be dismissed without prejudice;

2       4.      Plaintiff's claims against Correction Management Corp. Inc. be dismissed without prejudice;

4       5.      Plaintiff's medical care claim against Defendants Enenmoh and Oneyeje related to the October 12, 2010 incident be dismissed without prejudice;

6       6.      Plaintiff's claims against Defendant Betancourt be dismissed without prejudice; and

8       7.      Defendants Department of Corrections, Allison, Rodriguez, Beltran, Stohl, Lofkin, Childress, Correction Management Corp. Inc., and Betancourt be dismissed without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 26, 2011              /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE