UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD B. WILLIAMS<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.<br><br>  Defendants.<br>_____/ | CASE NO. 1:11-CV-00182-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS<br><br>(ECF NOS. 23, 24, 27) |

## I. PROCEDURAL HISTORY

Donald B. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 filed on February 2, 2011. The action is proceeding against Defendants Enenmoh, Oneyeje, LeMay, Byers, and Faria for inadequate medical care under the Eighth Amendment.

Plaintiff filed a Petition for Emergency Injunction for Medical Care in conjunction with his Complaint on February 2, 2011. (ECF No. 2.) The Court issued and then adopted Findings and Recommendations Denying Emergency Injunctive Relief on September 22, 2011 ("Order Denying Emergency Injunction"). (ECF No. 21.)

The Court screened Plaintiff's First Amended Complaint (ECF No. 15) and issued and then adopted Findings and Recommendations Dismissing Certain Claims and Defendants on October 13, 2011 ("Order Dismissing Claims and Defendants"). (ECF No. 25.)


The Court has ordered service on the remaining Defendants (ECF No. 26) who have filed Answers. (ECF Nos. 35, 42.)

Plaintiff filed, on April 20, 2011, in conjunction with his First Amended Complaint, a motion for a preliminary injunction that is pending before the Court. (ECF No. 13.)

Now before the Court are (1) Plaintiff's Motion/Request to Vacate or Modify the Court's Order Denying Emergency Injunction (ECF No. 23), (2) Plaintiff's Motion and Order for Preliminary Injunction filed October 7, 2011 (ECF No. 24), and (3) Plaintiff's Motion to Alter or Amend the Court's Order Denying Emergency Injunction and the Court's Order Dismissing Claims and Defendants (ECF No. 27.).

## II.  ANALYSIS

### A.  Motions to Vacate, Modify, Alter, or Amend

The Court construes the Motions to vacate, modify, alter, or amend (ECF No. 23, 27) as seeking reconsideration of the Order Denying Emergency Injunction and the Order Dismissing Claims and Defendants.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001).

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983). To succeed, a party must set forth facts or law of a strongly

convincing nature to induce the court to reverse its prior decision. See e.g., Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part, 828 F.2d 514 (9th Cir.1987).

Plaintiff has failed to meet this standard. He has not shown "mistake, inadvertence, surprise, or excusable neglect," provided newly discovered evidence, shown the judgment to be either void or satisfied, or provided any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not provided "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff did not object to the underlying Findings and Recommendations prior to adoption. He does not now argue the merits, present evidence, or demonstrate error or change in the law. Rather he appears concerned that his motion for injunctive relief is no longer before the Court, eliminated by the Orders Denying Emergency Injunction and Dismissing Claims and Defendants. This is not the case. Plaintiff's motion for a preliminary injunction (ECF No. 13) filed on April 20, 2011 in conjunction with his operative First Amended Complaint remains pending before the Court with Defendants' response due by March 15, 2012. (ECF No. 38.)

**B.     October 7, 2011 Motion and Order for Preliminary Injunction**

Plaintiff's Motion and Order for Preliminary Injunction filed October 7, 2011 (ECF No. 24) is duplicative of his pending Motion filed April 20, 2011 (ECF NO. 13) and on this basis is denied.

**III.    ORDER**

Accordingly, for the foregoing reasons, it is ORDERED that 1) Plaintiff's Motion/Request to Vacate or Modify the Court's September 22, 2011 Order Denying Emergency Injunction (ECF No. 23), (2) Plaintiff's Motion and Order for preliminary injunction filed October 7, 2011 (ECF No. 24), and (3) Plaintiff's Motion to Alter or Amend the Court's September 22, 2011 Order Denying Emergency Injunction and the

1  Court's October 13, 2011 Order Dismissing Claims and Defendants (ECF No. 27), are
2  DENIED.
3
4
5       IT IS SO ORDERED.
6  Dated:    March 5, 2012              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28