UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD B. WILLIAMS, | CASE NO.   1:11-cv-0182-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DENIAL OF PLAINTIFF'S MOTION FOR AN EMERGENCY INJUNCTION |
| v. | |
| THE STATE OF CALIFORNIA, et al., | (ECF No. 13) |
| Defendants. | |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.    PROCEDURAL HISTORY**

Plaintiff Donald B. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff originally filed this action on February 2, 2011.  (Compl., ECF No. 1.)  On March 17, 2011, the Court issued an Order Dismissing Plaintiff's Complaint with Leave to Amend, and Plaintiff was ordered to file an amended complaint.  (Order, ECF No. 9.)  Plaintiff filed his First Amended Complaint on April 20, 2011.  (Am. Compl., ECF No. 15.)  On August 29, 2011, the Court screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. §

-1-

1915(A)(a), and found that Plaintiff stated a cognizable claim. (Order, ECF No. 20.) Thus, this action is currently proceeding against Defendants Enenmoh, Faria, LeMay, Byers and Oneyeje for allegedly violating the Eighth Amendment by acting with deliberate indifference to Plaintiff's serious medical needs. (Id.) Defendants Enenmoh, Faria, LeMay, and Oneyeje have since been served and filed an Answer. (ECF Nos. 33 & 35.)[1]

Pending before the Court is Plaintiff's Motion for a Preliminary Injunction filed on April 20, 2011. (Pl.'s Mot., ECF No. 13.) Plaintiff requests a preliminary injunction, directing that the Court order Defendants to provide Plaintiff and other inmates with "all needed medical attention and meet all medical needs." (Id. at 2.) In conjunction with his Motion, Plaintiff has also filed a Memorandum of Law. (Pl.'s Mem. of Law, ECF No. 14.) Defendants Faria, LeMay, Onyeje, and Enenmoh (collectively, "Defendants") have filed an Opposition to Plaintiff's Motion. (Defs.' Op, ECF No. 44.) Pursuant to Local Rule 230, the time in which Plaintiff could have filed a reply has passed without Plaintiff having done so. Plaintiff's Motion is now before the Court.

## II.   ARGUMENT

In his First Amended Complaint, Plaintiff alleges:

On or about July 26, 2010, he was transferred to California State Prison in Corcoran, California ("SATF") where he is presently housed. (Am. Compl. at 7.) Plaintiff has been a Type 2 insulin-dependent diabetic since 2001. (Id. at 5.) He suffers from both hypo- and hyper-glycemia, i.e. low and high blood sugar levels. (Id.) On or about

---

[1] The Court also found that Plaintiff stated a cognizable claim against Defendant Byers. Defendant Byers has filed an Answer (ECF No. 42) and joined in the other Defendants' Motion to Dismiss (ECF No. 45), but did not join the other Defendants' opposition to Plaintiff's Motion for a Preliminary Injunction.

September 27, 2010, he was determined, without any medical testing, to no longer be diabetic. (Id. at 7-8.) Nurse LeMay instructed the custody officers in Plaintiff's dorm to confiscate all of Plaintiff's diabetes-related medications. (Id. at 9.) Nurse LeMay acted on orders from Physician's Assistant Byers, who in turn acted on orders from the Chief Medical Officer. (Id. at 6-9.) Testing for diabetes in Plaintiff was terminated in November 2010. Plaintiff has not received any medical treatment for his diabetes since September 27, 2010. (Id. at 9.)

In the Motion, Plaintiff contends that the medical needs of him and other inmates on SATF Yard-B have not been met for more than twenty weeks. (Mot. at 1.) The denial of that care constitutes deliberate indifference to a serious harm. (Id.) Plaintiff asks the Court to order Defendants to provide Plaintiff and other inmates with the medical care that they require. (Id.) Plaintiff contends that he received no medical treatment from September 27, 2010 to February 26, 2011.[2] (Pl.'s Mem. of Law at 2.) Plaintiff contends he was threatened with harm if he tried to go to the medical offices for treatment, and that he was denied treatment from various other sources. (Id.) As a result, Plaintiff has suffered from headaches, blurred eyes, temporary blindness, constipation, lethargy, and depression. (Id. at 3.)

In their opposition, Defendants contend that Plaintiff has received appropriate treatment for his medical condition. (Defs.' Op. at 3.) Defendants submit a declaration from Defendant Enenmoh detailing the medical care Plaintiff received at SATF. (Enenmoh

---

[2] It is unclear whether Plaintiff alleges he is currently receiving treatment for his diabetes. His Motion implies treatment resumed on February 26, 2011. His Amended Complaint seems to complain that as of its filing date in April 2011 he still was not receiving treatment.

-3-

Dec., ECF No. 44-1) Defendants contend that Plaintiff's treatment was only altered, not stopped, because insulin and diabetic snacks were inappropriate and potentially harmful for Plaintiff. (Defs.' Op. at 4; Enenmoh Dec. at ¶ 7-9.) Defendants contend that SATF medical staff determined that Plaintiff's diabetes could be controlled with diet and exercise. (Id.) Plaintiff's medication was removed from his cell for direct distribution to him because medical staff determined that he was hoarding his medications instead of taking them as directed. (Defs.' Op. at 4; Enenmoh Dec. at ¶ 10.) SATF staff directly gave him medication in place of insulin. (Id.; Enenmoh Dec. at ¶ 4.) He was given Metformin to control his diabetes and a number of other medications. (Enenmoh Dec. at ¶ 4-5.) Plaintiff was not precluded from obtaining medical treatment. (Enenmoh Dec. at ¶ 6.) SATF medical staff regularly monitor Plaintiff's blood sugar levels. (Id.)

### III. LEGAL STANDARDS

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22, 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act ("PLRA") requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. §

3626(a)(2).

## IV. ANALYSIS

The Court find that, at this stage of the proceedings, Plaintiff fails to satisfy the legal prerequisites for injunctive relief.  As noted, to succeed on such a motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 129 S. Ct. at 374).

Plaintiff makes conclusory statements regarding these elements, but provides no facts which would enable the Court to find that he is in need of and entitled to the injunctive relief he seeks.  He does not address the evidence from Defendants (and even the suggestion in his own moving papers) that he currently is receiving the medical treatment he requires.

To succeed on the merits on a claim of inadequate medical care, Plaintiff needs to show "'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285  (1976)).  The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff alleges that he is not receiving insulin and diabetic snacks he needs to control his diabetes. Defendants respond that Plaintiff is receiving appropriate treatment, albeit in a form recommended by medical staff which is different than what Plaintiff thinks he should receive.

Thus, instead of a failure to treat, it appears there is here only a disagreement over the course of treatment elected. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 241 (9th Cir. 1989.) Given these facts and applicable law, the Court at this point has no basis upon which to find a likelihood that Plaintiff will succeed on the merits.

For similar reasons, Plaintiff cannot establish the other three requirements for an injunction. Plaintiff has not shown that he will suffer an injury without the Court's intervention, because it appears that he is receiving appropriate treatment for his diabetes. Plaintiff has not acknowledged the alternate treatment, nor suggested if or how it might

cause him injury. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (To obtain injunctive relief, Plaintiff must show that he will be subject to a real and immediate threat). Given Defendants' unrebutted allegations that Plaintiff is currently receiving treatment, there is no basis to conclude Plaintiff is subject to a real and immediate threat. Plaintiff has not met this requirement.

As to the third element, i.e., the balancing of equities, the absence of a showing of harm from the treatment being provided leaves nothing to tip the balance of equities in Plaintiff's favor. As to the fourth element, while the public has an interest in seeing everyone, including Plaintiff, receive the best practical medical care, the Court can not make a determination on the facts before it as to the best medical course for Plaintiff. At least one medical practitioner has determined that Plaintiff's condition is best treated without diabetic snacks and non-insulin drugs. The record before the Court does not justify the Court substituting its judgment for that of the medical practitioner.

The various criteria not having been met, Plaintiff is not entitled to preliminary injunctive relief.

## V.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for a Preliminary Injunction (ECF No. 13) be DENIED without prejudice to Plaintiff's right to move again in the future if medical evidence which supports his claims is secured and produced with any such renewed motion.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party

may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Y1 st</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 4, 2012                        /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE