# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD B. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.   1:11-cv-00182-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(ECF No. 45)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Donald B. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff began this action by filing his Complaint on February 2, 2011. (ECF No. 1.) On March 17, 2011, the Court issued an Order Dismissing Plaintiff's Complaint with Leave to Amend. (Order, ECF No. 9.) Plaintiff filed a First Amended Complaint on April 20, 2011. (Am. Compl., ECF No. 15.) On August 29, 2011, the Court screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(A)(a), and found that Plaintiff stated a cognizable claim. (Order, ECF No. 20.) Thus, this action is currently proceeding against Defendants Enenmoh, Faria, LeMay, Byers and Oneyeje for allegedly violating the Eighth Amendment by acting with deliberate indifference to Plaintiff's serious medical needs. (Id.) On March 28, 2012, Defendants Enenmoh, Faria, LeMay, and Oneyeje filed a Motion to Dismiss on the ground that Plaintiff had failed to exhaust his administrative remedies

pursuant to 42 U.S.C. § 1997e(a). (Mot., ECF No. 45.) Defendant Byers filed a notice of joinder in this Motion to Dismiss on April 2, 2012. (ECF No. 48.) Plaintiff has failed to file any opposition, and the time for doing so has passed. Local Rule 230. The Motion to Dismiss is now ready for ruling.

## I.    LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2009). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive and apeals had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[1] To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548

---

[1] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendants' Motion to Dismiss.

U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) does not impose a pleading requirement, but rather is an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones v. Bock, 549 U.S. 199, 216 (2007).  A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed.R.Civ.P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium).  In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 1119–20.  When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

## II. ANALYSIS

### A. Plaintiff's Claims

Plaintiff filed no opposition to Defendants' motion to dismiss.  Previously, in his Amended Complaint, he alleged that he had been a type II insulin-dependent diabetic since 2001. (Am. Compl. at 5.)  He suffers from both hypo- and hyper-glycemia, i.e. low and high blood sugar levels. (Id. at 5.)  Plaintiff was transferred to California State Prison at Corcoran on July 26, 2010 on an emergency medical transfer. (Id. at 7.)  Defendant Enenmoh authorized this transfer. (Id. at 7.)  Upon Plaintiff's transfer, on or about August 25, 2010, Defendant Byers confirmed Plaintiff's prior diagnosis as a diabetic individual. (Id. at 7.)

On or about September 27, 2010, Defendant Enenmoh instructed the medical and nursing staff at California State Prison at Corcoran to refuse to provide Plaintiff with medical treatment. (Am. Compl. at 6.)  On or about September 27, 2010, without a doctor's examination, Defendant Byers issued orders to Defendant LeMay to terminate all of Plaintiff's diabetic treatments and testing and declared that Plaintiff was no longer a

1  diabetic individual. (Id. at 7-8.) Defendant Faria also ordered that Plaintiff not receive any
2  diabetic treatment or testing. (Id. at 9.) On or about September 27, 2010, Defendant
3  LeMay ordered that Plaintiff's medicines be confiscated. (Id. at 9.) On or about November
4  12, 2010, Defendant Oneyeje was appointed as Plaintiff's attending physician, but refused
5  to intervene in Plaintiff's medical treatment or the lack thereof. (Id. at 8.) Plaintiff did not
6  receive any medical treatment for his diabetes from September 2010 to February 2011.
7  (Id. at 4.)

### B.     Plaintiff's Appeals

9  Defendants move for dismissal pursuant to 42 U.S.C. § 1997e(a). Defendants
10  argue that Plaintiff's Amended Complaint should be dismissed because Plaintiff failed to
11  exhaust his administrative remedies as required by the PLRA.

12  According to Defendants, on October 5, 2010, Plaintiff filed an appeal, SATF-33-10-
13  14869, regarding Defendant Byers' determination that Plaintiff was no longer diabetic, the
14  confiscation of his medication, and Plaintiff's concern that he was not receiving any
15  medical care. (Mot. At 4; Crum. Decl. Ex. 1.) Plaintiff asked that he receive immediate
16  medical attention and that he be moved to another prison to receive proper medical
17  attention. (Id.) This appeal was partially granted at the second level, and Plaintiff was told
18  that he could further appeal the decision. (Id.) In his decision on Plaintiff's appeal,
19  Defendant Enenmoh, the Chief Medical officer, found that Plaintiff was receiving sufficient
20  treatment for his diabetes. (Crum. Decl. Ex. 1.) Plaintiff apparently wanted his diabetes
21  treatment to be the same as it had been before he came California State Prison at
22  Corcoran. Thus, his appeal was not resolved in a manner satisfactory to him. His remedy
23  was to pursue appeal to the third formal level. Plaintiff failed to pursue this appeal past the
24  second formal level. (Id.; Zampora Decl. at ¶ 4.) Plaintiff failed to exhaust his
25  administrative remedies.

26  Plaintiff has not objected to or countered the above history of his administrative
27  appeals. Wiht such evidence, Defendants have satisfied their burden of demonstrating
28  that Plaintiff failed to exhaust administrative remedies. A result satisfactory to him may

1 have been available at the Office of Third Level Appeals-Health Care. It appears Plaintiff failed to pursue that potential remedy. The Court thus recommends that Defendant's Motion to Dismiss be granted in its entirety and this action be dismissed without prejudice.

## V.  CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' Motion to Dismiss (ECF No. 45) be granted and that this action be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1 st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 4, 2012             /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE