# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD B. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | CASE NO.   1:11-cv-182-LJO-MJS (PC)<br><br>ORDER REQUIRING PLAINTIFF'S ATTORNEY TO FILE AN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND VACATING FINDINGS AND RECOMMENDATIONS FOR DISMISSAL<br><br>(ECF Nos. 45, 50 & 52)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Donald B. Williams ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The action is proceeding against Defendants Enenmoh, Oneyeje, LeMay, Byers, and Faria for inadequate medical care under the Eighth Amendment.

On May 16, 2012, Plaintiff filed a motion for new counsel. (ECF No. 52.) In his motion, Plaintiff alleges that his Court-appointed attorney has failed to respond to Plaintiff's inquiries regarding his case. (Id.) The Court notes too that Plaintiff's counsel has filed no opposition to Defendants' motion to dismiss (ECF No. 45) or objections to the Court's Findings and Recommendations ("F&R") recommending dismissal of this action (ECF No. 50). The Court ordered Plaintiff's attorney to respond to Plaintiff's motion. (ECF No. 53.)

In response, Plaintiff's attorney filed an unenlightening declaration stating that she had requested to meet with Plaintiff, she is willing to continue on this case, and that "So

far, unfortunately, I only receive helpful responses from the Court." (ECF No. 54.) She does not address why she failed to file an opposition to Defendants' motion to dismiss (ECF No. 45) or objection to the Court's F&R for dismissal (ECF No. 50).

It appears Plaintiff's failure to respond to Defendants' motion to dismiss and the Court's F&R is attributable to inaction by his attorney. The Court is unwilling to impose a forfeiture on Plaintiff or have this case disposed of other than on the merits because of failings on the part of a party's attorney.

Plaintiff's attorney has indicated a willingness to continue with this matter. It would be counter-productive to replace her at this time. Accordingly the Court will extend the time for Plaintiff to file opposition to the motion to dismiss. However, the Court also is unwilling to allow Defendants to suffer the consequences of Plaintiff's counsel's inaction. Further failures to respond and otherwise to advocate on behalf of her client will lead to appropriate sanctions against the responsible attorney.

Accordingly, the Court hereby ORDERS as follows:

1. Plaintiff's motion for new counsel (ECF No. 52) is DENIED without prejudice;
2. The Findings and Recommendations issued on May 4, 2012 (ECF No. 50) are VACATED;
3. Plaintiff's attorney is ordered to respond to Defendants' motion to dismiss (ECF No. 45) within thirty days of entry of this order;
4. The Clerk's Office is ordered to send a copy of this order directly to Plaintiff; and
5. In the event that Plaintiff's attorney fails to file a competent response to Defendants' motion to dismiss within thirty days of entry of this order, the Court will impose sanctions against that attorney.

IT IS SO ORDERED.

Dated:   June 15, 2012                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE