UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD B. WILLIAMS, | CASE NO. 1:11-cv-00182-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | (ECF No. 45) |
| STATE OF CALIFORNIA, et al., | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| Defendants. | |

Plaintiff Donald B. Williams ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff began this action by filing his Complaint on February 2, 2011. (ECF No. 1.) On March 17, 2011, the Court issued an order dismissing Plaintiff's Complaint with leave to amend. (ECF No. 9.) Plaintiff filed a First Amended Complaint on April 20, 2011. (Am. Comp., ECF No. 15.) On August 29, 2011, the Court screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(A)(a), and found that Plaintiff stated a cognizable claim against Defendants Enenmoh, Faria, LeMay, Byers and Oneyeje for allegedly violating the Eighth Amendment by acting with deliberate indifference to Plaintiff's serious medical needs. (ECF No. 20.)

1       On March 28, 2012, Defendants Enenmoh, Faria, LeMay, and Oneyeje filed a motion to dismiss on the ground that Plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). (Defs.' Mot., ECF No. 45.) On April 2, 2012, Defendant Byers filed a notice of joinder in this motion to dismiss. (ECF No. 48.) Plaintiff failed to timely file an opposition and the Court issued findings and a recommendation that Defendants' motion be granted. (ECF No. 50.) Thereafter, the Court was informed that Plaintiff's non-response was a result of difficulties communicating with his court appointed counsel. (ECF No. 52.) Accordingly, the Court vacated the findings and recommendations and ordered Plaintiff's counsel to file an opposition. (ECF No. 56.) Plaintiff's counsel filed an opposition on July 15, 2012 (ECF No. 57), but the Court found it inadequate and Plaintiff again informed the Court that he had not had adequate communication with his counsel (ECF No. 58). Also during this interim period, Defendants filed a reply. (Defs.' Reply, ECF No. 59.) After holding a telephonic conference with Plaintiff and Plaintiff's counsel, the Court gave Plaintiff's counsel another opportunity to file an opposition. (ECF Nos. 65, 66.)

      Plaintiff's counsel ultimately filed an opposition on October 5, 2012. (Pl.'s Opp'n, ECF No. 67.) It was untimely. Nevertheless, and despite Defendants' objections to it (ECF Nos. 68 & 69), the Court, giving due regard to Plaintiff's difficulties communicating with his attorney, has considered Plaintiff's points and authorities even though not timely filed.

      Defendant's motion to dismiss is now ready for ruling.

**I.    LEGAL STANDARD**

      The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2009). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[1] To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones v. Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 1119–20. When the court concludes the prisoner has not exhausted all of his available

---

[1] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendants' motion to dismiss.

administrative remedies, "the proper remedy is dismissal without prejudice." Id.

## II. ANALYSIS

### A. Plaintiff's Claims

In his Amended Complaint, Plaintiff alleges:

He has been a type II insulin-dependent diabetic since 2001. (Am. Compl. at 5.) He suffers from both hypo- and hyper-glycemia, i.e. low and high blood sugar levels. (Id. at 5.) Plaintiff was transferred to California State Prison at Corcoran on July 26, 2010 on an emergency medical transfer. (Id. at 7.) Defendant Enenmoh authorized this transfer. (Id. at 7.) Upon Plaintiff's transfer, on or about August 25, 2010, Defendant Byers confirmed Plaintiff's prior diagnosis as a diabetic. (Id. at 7.)

On or about September 27, 2010, Defendant Enenmoh instructed the medical and nursing staff at California State Prison at Corcoran to refuse to provide Plaintiff with medical treatment. (Am. Compl. at 6.) On or about September 27, 2010, without a doctor's examination, Defendant Byers issued orders to Defendant LeMay to terminate all of Plaintiff's diabetic treatments and testing and declared that Plaintiff was no longer a diabetic individual. (Id. at 7-8.) Defendant Faria also ordered that Plaintiff not receive any diabetic treatment or testing. (Id. at 9.) On or about September 27, 2010, Defendant LeMay ordered that Plaintiff's medicines be confiscated. (Id. at 9.) On or about November 12, 2010, Defendant Oneyeje was appointed as Plaintiff's attending physician, but refused to intervene in Plaintiff's medical treatment or the lack thereof. (Id. at 8.) Plaintiff did not receive any medical treatment for his diabetes from September 2010 to February 2011. (Id. at 4.)

### B. Plaintiff's Appeals

Defendants move for dismissal pursuant to 42 U.S.C. § 1997e(a). Defendants argue that Plaintiff's Amended Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies as required by the PLRA.

It does appear Plaintiff filed only one appeal related to Defendants' failure to provide diabetes treatment. According to Defendants, on October 5, 2010, Plaintiff filed appeal

SATF-33-10-14869, regarding Defendant Byers' determination that Plaintiff was no longer diabetic, confiscation of his medication, and Plaintiff's concern that he was not receiving medical care. (Defs.' Mot. at 4; Crum Decl. Ex. 1.) Plaintiff asked that he receive immediate medical attention and that he be moved to another prison to receive proper care. (Id.) This appeal was partially granted at the second level, and Plaintiff was told that he could further appeal the decision. (Id.) Plaintiff apparently wanted his diabetes treatment to be the same as it had been before he arrived at California State Prison at Corcoran. In his decision on Plaintiff's appeal, Defendant Enenmoh, the Chief Medical officer, found that Plaintiff was receiving sufficient treatment for his diabetes. (Crum Decl. Ex. 1.) Though Plaintiff's appeal was not resolved in a manner satisfactory to him, his remedy was to pursue the appeal to the third formal level. Plaintiff failed to pursue this appeal past the second formal level. (Id.; Zampora Decl. at ¶ 4.) Plaintiff failed to exhaust his administrative remedies regarding the treatment at issue in his Amended Complaint.

Defendants also refer to several additional, unrelated administrative appeals filed by Plaintiff. First, Plaintiff filed appeal SATF-33-10-14679 regarding co-pay issues; that appeal was granted on the first level. (Crum Decl. Ex. 2.)[2] It is not relevant to Plaintiff's current claims; they do not raise any co-pay issues. Plaintiff also filed appeal SATF-33-10-15195 regarding Defendant LeMay's treatment for Plaintiff's hypoglycemia. (Crum Decl. Ex. 3.) This appeal does not encompass the breadth of improper treatment Plaintiff alleges in this action. It was not perfected.

In his opposition Plaintiff refers to several appeals, some of which were perfected, but none of which are relevant to Plaintiff's current action. Specifically, Plaintiff refers to: perfected appeal CRC-10-00297 regarding two instances in which a Correctional Officer

---

[2] It is possible that Plaintiff also refers to this appeal. In his opposition, Plaintiff refers to a September 28, 2010 appeal but fails to provide a copy even though he argues that it provides evidence that he perfected his required administrative appeals. (Pl.'s Opp'n at 3.) Looking at Defendants' smudged copy of appeal SATF-33-10-14679 provided with their motion, it appears that it was filed on September 28, 2010 and it appears this is the appeal Plaintiff is referring to in his opposition. (Crum Decl. Ex. 2.) However, as explained above, this appeal is not relevant because it does not deal with Plaintiff's alleged complete lack of medical care and does not demonstrate that Plaintiff has exhausted his administrative remedies.

Gutierrez denied him meals (Pl.'s Opp'n at 6); un-perfected appeal SATF-B-03099 the basis of which is not described in Plaintiff's opposition (id. at 8); perfected appeal SATF-10-04061 regarding a walking cane (id. at 9); perfected appeal SATF-11-00754 regarding an incident where Plaintiff allegedly disobeyed orders (id. at 11); and rejected appeal SATF-12-00475 regarding a correctional officer's homosexual tendencies (id. at 13). None of these appeals deal with Plaintiff's alleged lack of medical treatment for diabetes. Many do not even deal with events that occurred in the same time period as the events alleged in Plaintiff's pleading. The appeals referred to in Plaintiff's opposition do not provide any evidence that Plaintiff successfully exhausted his administrative appeals for his alleged lack of medical care for diabetes.

Plaintiff has not countered the Defendants' history of his administrative appeals. Defendants have satisfied their burden of demonstrating that Plaintiff has failed to exhaust administrative remedies. A result satisfactory to him may have been available at the Office of Third Level Appeals-Health Care for appeal SATF-33-10-14869. Plaintiff failed to pursue that potential remedy. The Court thus recommends that Defendant's motion to dismiss be granted in its entirety and this action be dismissed without prejudice.

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss (ECF No. 45) be granted and that this action be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1 st, 951 F.2d 1153

(9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 24, 2012                    /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE