UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD B. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | CASE NO. 1:11-cv-0182-LJO-MJS (PC)<br><br>ORDER STRIKING PLAINTIFF'S MOTION TO VACATE AND REOPEN CASE<br><br>(ECF No. 74) |

**I.   PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  (ECF Nos. 8 & 31.)

Plaintiff began this action by filing his Complaint on February 2, 2011.  (ECF No. 1.)  On March 17, 2011, the Court issued an order dismissing Plaintiff's Complaint with leave to amend.  (ECF No. 9.)  Plaintiff filed a First Amended Complaint on April 20, 2011. (ECF No. 15.)  On August 29, 2011, the Court screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(A)(a), and found that Plaintiff stated a cognizable claim against Defendants Enenmoh, Faria, LeMay, Byers and Oneyeje for allegedly violating the Eighth Amendment by acting with deliberate indifference to

Plaintiff's serious medical needs. (ECF No. 20.) On December 9, 2011, the Court appointed counsel for Plaintiff. (ECF No. 31.)

On March 28, 2012, Defendants Enenmoh, Faria, LeMay, and Oneyeje filed a motion to dismiss on the ground that Plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). (ECF No. 45.) On April 2, 2012, Defendant Byers filed a notice of joinder in the motion to dismiss. (ECF No. 48.)

On October 24, 2012, the Magistrate Judge issued Findings and Recommendations to grant Defendant's motion to dismiss without prejudice. On November 20, 2012, the District Court adopted those Findings and Recommendations and dismissed the case without prejudice. (ECF Nos. 72 & 73.)

Before the Court is Plaintiff's December 8, 2014 motion to vacate the Court's order of dismissal and reopen the case. (ECF No. 74.) Plaintiff seeks to have his case reopened on the basis that his Court-appointed attorney failed to notify him of the dismissal and represented that his case was still pending.

## II.   MOTION FOR RELIEF FROM FINAL JUDGMENT

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw,* 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence,

2

committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

Plaintiff is represented by counsel in this action. (ECF No. 31.) Unless and until Plaintiff's counsel files a motion to withdraw, Plaintiff may not file motions on his own behalf. Plaintiff's motion is improper and will therefore be STRICKEN.

Even if properly filed, Plaintiff has not presented a basis for reconsideration. Plaintiff's case was dismissed after the Court found that Defendants' had met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies. The failure of Plaintiff's counsel to notify him of the dismissal is not a basis for this Court to reconsider the underlying ruling. Plaintiff has not presented any new evidence or legal authority which would warrant reopening the case.

**IV.   CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's motion to vacate and reopen (ECF No. 74.) is HEREBY STRICKEN.

IT IS SO ORDERED.

Dated:   May 4, 2015                         /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE

3